Stacey C. Stone, Esq.
Alaska Bar No.: 1005030
Holmes Weddle & Barcott, P.C.
701 West 8th Avenue, Ste. 700
Anchorage, AK 99501
Phone: (907) 274-0666
sstone@hwb-law.com

James N. Bowen (admitted *pro hac vice*)
Elizabeth O. Gonser (admitted *pro hac vice*)
Joshua S. Bolian (admitted *pro hac vice*)
Lauren M. Fariss (admitted *pro hac vice*)
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
Telephone: (615) 320-3700
jimbowen@rjfirm.com
egonser@rjfirm.com
jbolian@rjfirm.com
lfariss@rjfirm.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GALEN HOSPITAL ALASKA, INC., <br> Plaintiff, <br> v. <br> PREMERAFIRST, INC. and PREMERA BLUE CROSS, <br> Defendants. | Case No.: 3:25-cv-00004-SLG |

# FIRST AMENDED COMPLAINT

Plaintiff Galen Hospital Alaska, Inc., for its claim against Defendants PremeraFirst, Inc. and Premera Blue Cross (collectively hereinafter referred to as "Premera"), states as follows:

## PARTIES

1. Galen Hospital Alaska, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Nashville, Tennessee.

First Amended Complaint
*Galen Hospital Alaska, Inc., et al. v. Premera First, Inc., et al.*
Case No. 3:25-cv-00004-SLG
Page 1 of 8

Case 3:25-cv-00004-SLG    Document 31    Filed 07/10/25    Page 1 of 8

2. Galen Hospital Alaska, Inc. owns and operates a hospital located in Anchorage, Alaska doing business as Alaska Regional Hospital ("ARH").

3. PremeraFirst, Inc. is a corporation organized and existing under the laws of the State of Washington with its principal place of business in Seattle, Washington.

4. Premera Blue Cross is a nonprofit corporation organized and existing under the laws of the State of Washington with its principal place of business in Seattle, Washington doing business as Premera Blue Cross Blue Shield of Alaska.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different States.

6. This Court has personal jurisdiction over Premera because Premera does business in this judicial district.

7. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

8. Premera is a health insurance company. Premera contracts with healthcare providers, including ARH, to provide healthcare services to Premera's members at negotiated rates.

9. This action involves multiple claims for hospital services rendered to Premera members for which Premera was obligated but failed to pay the amounts owed under the Facility Agreement between ARH and PremeraFirst, as disclosed agent for Premera

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

First Amended Complaint
*Galen Hospital Alaska, Inc., et al. v. PremeraFirst, Inc., et al.*
Case No. 3:25-cv-00004-SLG
Page 2 of 8

Case 3:25-cv-00004-SLG     Document 31     Filed 07/10/25     Page 2 of 8

Blue Cross, effective as of December 15, 2016, as has been subsequently amended from time to time (the "Facility Agreement"). All parties to this action are in possession of the Facility Agreement.

10. Pursuant to Paragraph 8.01 of the Facility Agreement, ARH has attempted to resolve this dispute by requesting informal good faith discussions and mediation. Premera has declined those requests. As such, all conditions precedent to the filing of this lawsuit under the Facility Agreement have been met.

11. Pursuant to the Facility Agreement, ARH agreed to provide medically necessary inpatient and outpatient healthcare services to members of health insurance plans for which Premera provides or administers benefits. In exchange, Premera agreed to pay ARH the agreed-upon rates for those services that are contained in the Facility Agreement.

12. This case involves over 420 disputed claims for payment for healthcare services that ARH has submitted to Premera in accordance with the Facility Agreement, but Premera has underpaid. ARH has provided a list of all such disputed claims (the "Disputed Claims") to Premera, who is in possession of all information necessary to identify the patients and services at issue.

13. For each of the Disputed Claims, and in accordance with its obligations under the Facility Agreement, ARH provided the healthcare services that they agreed to provide to Premera members under the Facility Agreement. For each of the Disputed Claims, all of the hospital services provided to the Premera member were medically necessary, and ARH billed Premera for the services they provided in

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

First Amended Complaint
*Galen Hospital Alaska, Inc., et al. v. Premera Blue Cross*
Case No. 3:25-cv-00004-SLG
Page 3 of 8

Case 3:25-cv-00004-SLG     Document 31     Filed 07/10/25     Page 3 of 8

accordance with the requirements of Facility Agreement and industry standard hospital billing practices.

14. Instead of paying the agreed-upon rates for those services as required in the Facility Agreement, however, Premera underpaid the Disputed Claims by denying payment for certain charges on ARH's bills, notwithstanding the fact that such charges were for medically necessary and required to be paid under the Facility Agreement.

15. Specifically, Premera performed, or caused to be performed, a pre-payment audit of the Hospital's bill that was designed and intended to unlawfully reduce its payment obligations under the Facility Agreement.

16. Premera's pre-payment audits violated the Facility Agreement in multiple ways.

17. First, Premera's audits of the Disputed Claims did not conform with the requirements of Section 5.02 of the Facility Agreement, which established detailed processes for conducting an audit and/or reducing payment on any claim submitted by ARH, which Premera has failed to follow with respect to the Disputed Claims.

18. Second, Premera engaged a third-party vendor, CERIS, to conduct these audits using proprietary software programs that relied on pre-programmed algorithms and matrices to automatically deny payment for certain, specified services and supplies without regard to the specific requirements of the Facility Agreement or the unique and individualized clinical facts of each Disputed Claim.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

First Amended Complaint  
*Galen Hospital Alaska, Inc., et al. v. Premera First-00004-*  
Case No. 3:25-cv-00004-SLG  
Page 4 of 8

Case 3:25-cv-00004-SLG     Document 31     Filed 07/10/25     Page 4 of 8

19. Third, this audit software applied billing and coding standards that were different and more stringent that those recognized as the standards in the industry and, indeed, were contrary to the billing standards by the Centers for Medicare & Medicaid Services ("CMS"), as well as AMA, CPT, HCPCS, ICD9/10 and other applicable coding guidelines. Because these standards, which were unilaterally adopted and applied by Premera, are both unreasonable and contrary to well-accepted standards in the industry, they operate to reduce ARH's reimbursement and to increase its administrative costs. As such, they violate the requirements of the Facility Agreement.

20. For each of the Disputed Claims, Premera paid some, but not all, of the amounts due under the Facility Agreement, indicating that Premera did not and does not dispute that it is financially responsible for paying for the medical services at issue.

21. Upon receiving these improperly low payment amounts, ARH appealed Premera's payments in accordance with the terms of the Facility Agreement, and in some cases appealed again after Premera continued to refuse to correct its improper underpayments. Premera did not correct its improper payments after ARH's appeals.

22. ARH continued to attempt to resolve the Disputed Claims, including by raising the Disputed Claims in the parties' joint operating committee meetings and through various correspondence to Premera management or other personnel. These attempts have also proved fruitless.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

First Amended Complaint
*Galen Hospital Alaska, Inc., et al. v. Premera Blue Cross of Alaska*
Case No. 3:25-cv-00004-SLG
Page 5 of 8

Case 3:25-cv-00004-SLG     Document 31     Filed 07/10/25     Page 5 of 8

23. Pursuant to Section 8.01(A) of the Facility Agreement, ARH previously requested that the parties commence good faith discussions and/or a mediation to resolve this dispute. Despite some initial discussions among counsel, the dispute remains unresolved, and Premera did not agree to mediate or arbitrate. Therefore, all contractual prerequisites to the filing of this lawsuit have been satisfied.

24. As a result of Premera's failure to pay ARH the amounts owed on the Disputed Claims under the Facility Agreement, ARH has been damaged in an amount to be determined at trial, but no less than $11,000,000.

25. Pursuant to Rule 15(a)(2), Federal Rules of Civil Procedure, Defendants have consented in writing to the instant amendment of the Complaint.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

26. ARH repeats and re-alleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

27. Pursuant to its obligations under the Facility Agreement, ARH provided medically necessary, covered hospital services to Premera members and timely submitted clean claims for payment for such services to Premera in accordance with the requirements of the Facility Agreement. Those claims were timely submitted to Premera in accordance with CMS and other industry standard coding and billing guidelines and the other requirements of the Facility Agreement. Premera was obligated to pay such claims at the negotiated rates established in the

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

First Amended Complaint
*Galen Hospital Alaska, Inc., et al. v. Premera et First. 00004l*
Case No. 3:25-cv-00004-SLG
Page 6 of 8

Case 3:25-cv-00004-SLG   Document 31   Filed 07/10/25   Page 6 of 8

Facility Agreement.

28. Premera breached the Facility Agreement by performing unauthorized pre-payment audits on such Disputed Claims, which were designed and intended to reduce Premera's payment obligations under the Agreement. These audits did not comply with the audit and review policies and procedures that the parties had agreed upon in the Facility Agreement, and they applied guidelines and standards that were different, more restrictive, and materially more burdensome to administer than those the parties had agreed to in the Facility Agreement.

29. By unilaterally removing and/or reducing certain properly billed charges from the Disputed Claims based on improper audits and unilaterally adopted payment policies, Premera breached the Facility Agreement by paying less than the amount otherwise owed to ARH under the Agreement for providing medically necessary hospital services to its members.

30. As a direct and proximate result of Premera's breaches, ARH has been damaged in an amount to be determined at trial, but no less than $11,000,000.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

31. ARH repeats and re-allege the allegations contained in the foregoing paragraphs as if set forth fully herein.

32. Premera has a duty to its members to either pay or arrange payment for medically necessary health care services that those members receive from ARH.

33. ARH has conferred a benefit upon Premera and certain of its members by providing the medically necessary hospital services at issue in the Disputed Claims.

34. Premera has failed and refused to pay ARH, in whole or in part, for this benefit.

35. It would be unjust to allow Premera to retain this benefit without compensation.

36. ARH therefore seeks payment for the reasonable value of such benefit, which amount shall be determined at trial.

## PRAYER FOR RELIEF

Wherefore, Galen Hospital Alaska, Inc. prays for the following relief:

1. For damages according to proof at trial in an amount no less than $11,000,000.

2. For restitution of all sums unjustly retained by Premera;

3. For its attorneys' fees and costs in having to bring this action pursuant to Alaska law; and

4. For such other and further legal and equitable relief as the Court deems just and proper.

DATED this 10th day of July, 2025, at Anchorage, Alaska.

HOLMES WEDDLE & BARCOTT, P.C.
Attorneys for Plaintiff

By: */s/ Stacey C. Stone*
Stacey C. Stone
Alaska Bar No. 1005030

First Amended Complaint
*Galen Hospital Alaska, Inc., et al. v. Premera Blue Cross*
Case No. 3:25-cv-00004-SLG
Page 8 of 8

Case 3:25-cv-00004-SLG   Document 31   Filed 07/10/25   Page 8 of 8