Gwendolyn C. Payton
Alaska Bar No.: 9712101
Kilpatrick Townsend & Stockton LLP
721 Depot Dr.
Anchorage, AK 99501
Telephone: (206) 626-7714
Facsimile:  (206) 623-6793
E-Mail:  gpayton@ktslaw.com

Counsel for Defendants PremeraFirst,
Inc. and Premera Blue Cross

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GALEN HOSPITAL ALASKA, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> PREMERAFIRST, INC. and PREMERA BLUE CROSS, <br><br> Defendant. | Case No.: 3:25-cv-00004-SLG |

## DEFENDANTS PREMERAFIRST, INC. AND PREMERA BLUE CROSS'S ANSWER TO GALEN HOSPITAL ALASKA, INC.'S <u>FIRST AMENDED COMPLAINT</u>

Defendants PremeraFirst, Inc. and Premera Blue Cross (collectively, "Premera") hereby respond and answer Galen Hospital Alaska, Inc.'s ("Galen Hospital") First Amended Complaint as follows:

## PARTIES

1.     Premera admits that Galen Hospital is a Delaware corporation. Premera lacks sufficient information to admit or deny the remaining allegations in paragraph 1 and

DEFENDANTS PREMERAFIRST, INC. AND PREMERA BLUE
CROSS'S ANSWER TO GALEN HOSPITAL ALASKA, INC.'S
FIRST AMENDED COMPLAINT
CASE NO. 3:25-CV-00004-SLG – 1
96298925.3

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

Case 3:25-cv-00004-SLG     Document 37     Filed 07/25/25     Page 1 of 9

they are therefore denied.

2.      Premera admits that Galen Hospital owns and operates Alaska Regional Hospital ("ARH") in Anchorage, Alaska.

3.      Premera denies the allegations in paragraph 3. Premera further states that PremeraFirst, Inc. *was* a Washington corporation with its principal place of business in Washington, but PremeraFirst has since been dissolved and is no longer an operational entity.

4.      Premera admits that Premera Blue Cross is a Washington nonprofit corporation with its principal place of business in Seattle and that it does business as Premera Blue Cross Blue Shield of Alaska.

## JURISDICTION AND VENUE

5.      Paragraph 5 sets forth legal conclusions to which no response is required.

6.      Paragraph 6 sets forth legal conclusions to which no response is required.

7.      Paragraph 7 sets forth legal conclusions to which no response is required. To the extent a response is required, Premera admits that the events giving rise to the claims occurred in Anchorage, Alaska.

## FACTUAL ALLEGATIONS

8.      Premera admits that it is a healthcare company and that it contracts with healthcare providers, including ARH, to provide healthcare services to its members at negotiated rates.

9.      Premera admits that PremeraFirst, as disclosed agent for Premera Blue

DEFENDANTS PREMERAFIRST, INC. AND PREMERA BLUE
CROSS'S ANSWER TO GALEN HOSPITAL ALASKA, INC.'S
FIRST AMENDED COMPLAINT
CASE NO. 3:25-CV-00004-SLG – 2
96298925.3

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

Case 3:25-cv-00004-SLG      Document 37      Filed 07/25/25      Page 2 of 9

Cross, entered into a Facility Agreement with ARH with an effective date December 15, 2016, and that Premera is in possession of the Facility Agreement. Premera further states that PremeraFirst assigned the Facility Agreement to Premera Blue Cross, effective February 1, 2024. Premera lacks sufficient information to admit or deny the remaining allegations in paragraph 9 and those allegations are therefore denied.

10.     Premera admits that Section 8.01 of the Facility Agreement requires the parties to attempt to resolve disputes through informal good faith discussions. Premera denies the remaining allegations of paragraph 10. Specifically, Premera denies that ARH has satisfied all of the Facility Agreement's conditions precedent to the filing of this lawsuit, including the requirement that the parties engage in informal good faith discussions.

11.     Paragraph 11 sets forth legal conclusions to which no response is required. To the extent that a response is required, Premera admits that the Facility Agreement describes the circumstances and rates under which Premera will pay ARH for healthcare services that ARH provides to Premera's members.

12.     Premera admits that ARH provided it with a list of Disputed Claims through counsel on July 10, 2025, but Premera denies that it is in possession of all information necessary to identify the patients and services at issue. Premera lacks sufficient information to admit or deny the remaining allegations in paragraph 12 and therefore denies the allegations.

13.     Premera lacks sufficient information to admit or deny the allegations in

DEFENDANTS PREMERAFIRST, INC. AND PREMERA BLUE
CROSS'S ANSWER TO GALEN HOSPITAL ALASKA, INC.'S
FIRST AMENDED COMPLAINT
CASE NO. 3:25-CV-00004-SLG – 3
96298925.3

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

Case 3:25-cv-00004-SLG     Document 37     Filed 07/25/25     Page 3 of 9

paragraph 13 and therefore denies the allegations.

14. Premera lacks sufficient information to admit or deny the allegations in paragraph 14 and therefore denies the allegations.

15. Premera denies that it intended to unlawfully reduce its payment obligations under the Facility Agreement. Premera lacks sufficient information to admit or deny the remaining allegations in paragraph 15 and therefore denies the allegations

16. Premera denies the allegations in paragraph 16.

17. Premera denies the allegations in paragraph 17.

18. Premera admits that it sometimes engages a third-party vendor, CERIS, to conduct audits of claims. Premera denies the remaining allegations of paragraph 18.

19. Premera denies the allegations in paragraph 19.

20. Premera admits that for each of the Disputed Claims, it paid amounts due to ARH under the Facility Agreement. Premera denies the remaining allegations of paragraph 20.

21. Premera denies the allegations in paragraph 21.

22. Premera denies the allegations in paragraph 22.

23. Premera admits that Section 8.01(A) of the Facility Agreement requires the parties to attempt to resolve disputes under the Agreement through informal good faith discussions. Premera denies the remaining allegations of paragraph 23. Specifically, Premera denies that ARH has satisfied all contractual prerequisites to the filing of this lawsuit, including the requirement to engage in informal good faith discussions.

DEFENDANTS PREMERAFIRST, INC. AND PREMERA BLUE
CROSS'S ANSWER TO GALEN HOSPITAL ALASKA, INC.'S
FIRST AMENDED COMPLAINT
CASE NO. 3:25-CV-00004-SLG – 4
96298925.3

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

Case 3:25-cv-00004-SLG    Document 37    Filed 07/25/25    Page 4 of 9

24. Premera denies the allegations in paragraph 24.

25. Premera admits that it consented to the filing of the First Amended Complaint.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

26. Premera incorporates by reference each of its responses set forth above as if fully set forth herein.

27. Premera admits that the Facility Agreement describes the circumstances and rates under which Premera will pay ARH for healthcare services that ARH provides to Premera's members. Premera lacks sufficient information to admit or deny the remaining allegations in paragraph 26 and therefore denies the allegations.

28. Premera denies the allegations in paragraph 27.

29. Premera denies the allegations in paragraph 28.

30. Premera denies the allegations in paragraph 29.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

31. Premera incorporates by reference each of its responses set forth above as if fully set forth herein.

32. Premera admits that it has contractual duties to pay for health care services that its members receive from ARH, but states that those duties are defined and limited by the terms of Premera's members' plans and policies and the terms of the Facility Agreement.

DEFENDANTS PREMERAFIRST, INC. AND PREMERA BLUE CROSS'S ANSWER TO GALEN HOSPITAL ALASKA, INC.'S FIRST AMENDED COMPLAINT
CASE NO. 3:25-CV-00004-SLG – 5
96298925.3

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713 FAX: (206) 260-8946

Case 3:25-cv-00004-SLG    Document 37    Filed 07/25/25    Page 5 of 9

33.     Premera denies the allegations of paragraph 33.

34.     Premera denies the allegations of paragraph 34.

35.     Premera denies the allegations of paragraph 35.

36.     Premera denies the allegations of paragraph 36.

## PRAYER FOR RELIEF

Premera denies that Galen Hospital is entitled to the relief sought in the WHEREFORE clause.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on its failure to satisfy conditions precedent. Specifically, Plaintiff's claims are barred because it failed to exhaust contractual and administrative remedies, including: (1) Plaintiff did not appeal the Disputed Services to Premera as required by Premera's policies; and (2) Plaintiff failed to engage in informal good faith discussions and mediation with respect to the Disputed Claims prior to filing suit.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they are untimely under Section 4.04 of the Facility Agreement.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they are untimely under the applicable statutes of limitations, including Alaska Stat. § 09.10.053.

DEFENDANTS PREMERAFIRST, INC. AND PREMERA BLUE CROSS'S ANSWER TO GALEN HOSPITAL ALASKA, INC.'S FIRST AMENDED COMPLAINT
CASE NO. 3:25-CV-00004-SLG – 6
96298925.3

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

Case 3:25-cv-00004-SLG     Document 37     Filed 07/25/25     Page 6 of 9

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on its failure to comply with the Facility Agreement and Premera's policies with respect to claim submission.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Disputed Claims are not supported by medical records.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's unjust enrichment cause of action fails because it fails to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action each fail because Plaintiff has not suffered any damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on its routine practice of waiving patient cost-share responsibilities, which allows it to artificially inflate its billed charges.

DEFENDANTS PREMERAFIRST, INC. AND PREMERA BLUE
CROSS'S ANSWER TO GALEN HOSPITAL ALASKA, INC.'S
FIRST AMENDED COMPLAINT
CASE NO. 3:25-CV-00004-SLG – 7
96298925.3

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

Case 3:25-cv-00004-SLG     Document 37     Filed 07/25/25     Page 7 of 9

DATED this 25th day of July, 2025.

KILPATRICK TOWNSEND & STOCKTON LLP

By_____*/s/ Gwendolyn C. Payton*_____
Gwendolyn C. Payton
Alaska Bar No.: 9712101
Kilpatrick Townsend & Stockton LLP
721 Depot Dr.
Anchorage, AK 99501
Telephone:    (206) 626-7714
Facsimile:     (206) 623-6793
gpayton@ktslaw.com


ROBINS KAPLAN LLP

By_____*/s/ Jeffrey S. Gleason*_____
Jeffrey S. Gleason (*pro hac vice*)
Erica D. Rosenbaum (*pro hac vice*)
Robins Kaplan LLP
800 LaSalle Ave, Suite 2800
Minneapolis, MN 55402
Telephone:    (612) 349-8500
Facsimile:     (612) 339-4181
JGleason@robinskaplan.com
ERosenbaum@robinskaplan.com

*Counsel for Defendants PremeraFirst, Inc.
and Premera Blue Cross*

DEFENDANTS PREMERAFIRST, INC. AND PREMERA BLUE
CROSS'S ANSWER TO GALEN HOSPITAL ALASKA, INC.'S
FIRST AMENDED COMPLAINT
CASE NO. 3:25-CV-00004-SLG – 8
96298925.3

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

Case 3:25-cv-00004-SLG    Document 37    Filed 07/25/25    Page 8 of 9

# CERTIFICATE OF SERVICE

I certify that on the date indicated below I caused a copy of the foregoing document, DEFENDANTS PREMERAFIRST, INC. AND PREMERA BLUE CROSS'S ANSWER TO GALEN HOSPITAL ALASKA, INC.'S COMPLAINT to be filed with the Clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| **Stacey C Stone**<br>HOLMES WEDDLE & BARCOTT, P.C.<br>701 W. 8th Avenue<br>Suite 700<br>Anchorage, AK 99501<br>907-274-0666<br>Fax: 907-277-4657<br>Email: sstone@hwb-law.com | ☑ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Elizabeth Gonser**<br>**James Bowen**<br>**Joshua Sean Bolian**<br>**Lauren Fariss**<br>RILEY & JACOBSON, PLC<br>1906 West End Avenue<br>Nashville, TN 37203<br>615-320-3700<br>Email: egonser@rjfirm.com<br>Email: jimbowen@rjfirm.com<br>Email: jbolian@rjfirm.com<br>Email: lfariss@rjfirm.com | ☑ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |

DATED this 25th day of July, 2025.

**Kilpatrick, Townsend & Stockton LLP**

By: */s/ Gwendolyn C. Payton*
Gwendolyn C. Payton
Alaska Bar No.: 9712101

*Counsel for Defendants PremeraFirst, Inc. and Premera Blue Cross*

CERTIFICATE OF SERVICE
CASE NO. 3:25-CV-00004-SLG – 9

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713 FAX: (206) 260-8946

Case 3:25-cv-00004-SLG    Document 37    Filed 07/25/25    Page 9 of 9

96298925.3